United States District Court
Southern District of Texas
**ENTERED**
August 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John Mina-Gonzalez, | § § § | |
| *Defendant-Petitioner,* | § § | |
| v. | § § | Civil No. 4:22-cv-01728 |
| | § | Crim. No. 4:19-cr-00299 |
| United States of America, | § § | |
| *Plaintiff-Respondent.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

John Mina-Gonzalez filed a motion for relief under 28 U.S.C. § 2255 that challenges his conviction for aiding and abetting the use and brandishing of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii).  Crim. Dkt. 253; Civ. Dkt. 1.  The United States of America (the "Government") has filed a motion to dismiss, asserting that Mina-Gonzalez's Section 2255 motion is time-barred and procedurally defaulted. Crim. Dkt. 280; Civ. Dkt. 8.  After carefully reviewing the motions, the record, and the applicable law, it is recommended that the Government's motion to dismiss be granted and that Mina-Gonzalez's Section 2255 motion be denied. It is further recommended that the Court decline to hold an evidentiary hearing and decline to issue a certificate of appealability.

## Background

On January 10, 2020, Mina-Gonzalez pleaded guilty to two charges: (1) aiding and abetting interference with interstate commerce by robbery (also known as "Hobbs Act robbery"), 18 U.S.C. §§ 2, 1951(a); and (2) aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii).  Crim. Dkt. 163; *see also* Crim. Dkt. 274 at 27.  The charges stemmed from an armed robbery of a Barri Financial Group in Houston, Texas on November 28, 2018.  Crim. Dkt. 274 at 21.  Mina-Gonzalez was one of three individuals who ran into the store, wearing masks and hoods and brandishing firearms.  *See id.* at 22.  The three individuals fled with $12,900.  *Id.*  Following their arrest, Mina-Gonzelez confessed to his role in the robbery.  *Id.* at 23.

Mina-Gonzalez confirmed the accuracy of these facts before pleading guilty.  *Id.*  He also admitted to wearing a mask, carrying a pistol, and holding down an employee during the robbery.  *Id.* at 25-26.

On June 26, 2020, the Court sentenced Mina-Gonzalez to 54 months imprisonment for the Hobbs Act robbery, which was within the Guidelines range, and 84 months for the firearm enhancement, to run consecutively.  Crim. Dkt. 163; Crim. Dkt. 278 at 7, 12 (sentencing hearing).  Final judgment was entered on July 11, 2020.  Crim. Dkt. 163.  Minz-Gonzalez did not appeal the judgment.

Years later, on May 25, 2022, Mina-Gonzalez filed the pending Section 2255 motion and supporting memorandum.  Crim. Dkt. 253, 254; Civ. Dkt. 1, 2.  The Government responded and filed a motion to dismiss.  Crim. Dkt. 280; Civ. Dkt. 8.  Mina-Gonzalez did not respond to the Government's motion, which is ripe for resolution.

## Legal standard

Section 2255 sharply curtails the district court's authority to vacate, modify, or correct a sentence.  To obtain relief, a movant must show that (1) the sentence violates the U.S. Constitution or other federal law; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack …."  28 U.S.C. § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).  "Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and*, if condoned, would result in a complete miscarriage of justice."  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). Absent "independent indicia" that the movant's claims likely have merit, an evidentiary hearing is not required. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Allegations of a pro se movant are liberally construed. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

<u>Analysis</u>

In his Section 2255 motion, Mina-Gonzalez argues that Hobbs Act robbery, 18 U.S.C. § 1951, to which he pleaded guilty in Count One, does not qualify as a "crime of violence" that can support his conviction and additional seven-year term of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(1)(A)(ii), as charged in Count Two. Civ. Dkt. 1 at 5 (invoking *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the ACCA's residual clause as unconstitutionally vague). The Government, however, argues that Mina-Gonzalez's motion for relief under 28 U.S.C. § 2255 should be rejected as untimely or as procedurally barred. *See* Civ. Dkt. 8; Crim. Dkt. 280. Because the Court agrees that the motion is barred by limitations, it declines to reach the Government's alternative grounds for denying relief.

Section 2255 motions generally must be filed no later than one year after a defendant's conviction becomes final.[1]  28 U.S.C. § 2255(f)(1).  Here, this Court entered judgment on Saturday, July 11, 2020.  Because Mina-Gonzalez did not appeal, the judgment became final on Monday, July 27, 2020.  *See* Fed. R. App. P. 4(b) (14-day deadline for filing notice of appeal); Fed. R. App. P. 26(a)(1)(C) (deadlines falling on a weekend or holiday are bumped to the next business day).  His motion under Section 2255 therefore was due one year later, on July 27, 2021.  But the signature dates on Mina-Gonzalez's motion and supporting memorandum are May 1, 2022 and April 30, 2022, respectively. Civ. Dkt. 1 at 13; Civ. Dkt. 2 at 6.  Even if Mina-Gonzalez were deemed to have filed the documents on those dates, the filings nonetheless would be untimely.

Mina-Gonzales also fails to substantiate any potential ground for equitably tolling the limitations.  "[E]quitable tolling is available 'only in rare and exceptional circumstances.'"  *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam)).  To demonstrate that tolling is warranted, a petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks

---

[1] Mina-Gonzales does not invoke the alternative limitations deadlines in 28 U.S.C. § 2255(f)(2)–(4).

omitted); *see also United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016)

(quoting *Holland* and affirming district court's denial of equitable tolling).

As sole justification for his untimely filing, Mina-Gonzales asserts that

he was "not able to properly research due to Covid-19 restrictions." Crim. Dkt.

253 at 4; Civ. Dkt. 1 at 4. Nowhere does Mina-Gonzales explain why lack of

access to legal materials prevented him from timely filing his motion. *See

Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (affirming denial of

habeas relief for failure to make this showing). Moreover, many decisions have

rejected reliance on prison lockdowns, including those stemming from the

COVID-19 pandemic, as a basis for equitable tolling. *See, e.g., Carter v.

Lumpkin*, 2022 WL 897876, at *2 & n.4 (S.D. Tex. Mar. 26, 2022) (denying

equitable tolling despite COVID-19 lockdown restrictions that included lack of

access to the law library or legal materials); *Trevino v. Lumpkin*, 2021 WL

7184955, at *2 (S.D. Tex. Oct. 14, 2021) (finding no evidence "that diminished

access to law library materials actually prevented [petitioner] from timely

filing his federal petition"), *report and recommendation adopted*, 2022 WL

263470 (S.D. Tex. Jan. 28, 2022). Mina-Gonzalez has not articulated nor

shown that any extraordinary circumstance impeded his ability to timely file

his Section 2255 motion.

In addition, as the Government notes, Mina-Gonzalez has not attempted

to show that he exercised diligence in pursuing his claim. *See* Crim. Dkt. 280

at 4-5; Civ. Dkt. 8 at 4-5.  With no basis for tolling his tardy filing, this Court should deny Mina-Gonzalez's request for relief.

Because the record confirms that Mina-Gonzalez's motion is barred, an evidentiary hearing is unnecessary.  *See Cervantes*, 132 F.3d at 1110 ("If, however, the defendant's showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary.").  Further, as no reasonable jurist could disagree with this conclusion, a certificate of appealability should be denied.  *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)); 28 U.S.C. § 2253(c)(2).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** the United States of America's motion to dismiss (Crim. Dkt. 280; Civ. Dkt. 8), and **DENY** Defendant-Movant John Mina-Gonzalez's motion for relief under 28 U.S.C. § 2255 (Crim. Dkt. 253; Civ. Dkt. 1).

It is further **RECOMMENDED** that the Court decline to hold an evidentiary hearing and deny a certificate of appealability.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 4, 2023, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

8